1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALENA KRILEY,

                       Plaintiff,

v.

CHARLIE BROWNE, JAMIE PHIFER,
STAFF MEMBER UNKNOWN NAME,
ALL WOMEN'S CARE,

                    Defendants.

CASE NO.  2:21-cv-01176-JHC

ORDER

# I

## INTRODUCTION

This matter comes before the Court on Defendants' Motion for Summary Judgment, Dkt. # 144, Plaintiff's "second" motion for extension of time to file opposition to Defendants' Motion for Summary Judgment, Dkt. # 150, Plaintiff's "third" motion for extension of time to file opposition to Defendants' Motion for Summary Judgment," Dkt. # 154, and Plaintiff's "fourth" motion for extension of time to file opposition to Defendants' Motion for Summary Judgment, Dkt. # 157.

ORDER
Page 1
2:21-CV-01176-JHC

1    The Court has reviewed the materials filed in connection with the motions, the rest of

2    the file, and the governing law.  For the reasons below, the Court DENIES Plaintiff's motions

3    for extensions, GRANTS Defendants' Motion for Summary Judgment, and DISMISSES this

4    matter with prejudice.

5                                              **II**

6                                       **BACKGROUND**

7    In this medical malpractice action, Plaintiff alleges that Defendants performed an

8    abortion on her "without her free and informed consent."  Dkt. # 56 at 3.  She brings 12

9    causes of action:

10        1.      Wrongful death;

11

12        2.      Negligence;

13        3.      Gross negligence;

14

15        4.      Fraudulent misrepresentation;

16        5.      Fraudulent concealment;

17

18        6.      Undue influence;

19        7.      Medical battery;

20

21        8.      Lack of informed consent;

22        9.      Loss of chance;

23        10.     Negligent misrepresentation;

24   ORDER
     Page 2
     2:21-CV-01176-JHC

25

1

11.     Negligent concealment; and

2

12.     Lack of Consent.

3

4

*Id.* Defendants move for summary judgment dismissal of this matter. After receiving a

5

significant extension of time to respond to the motion, Plaintiff has filed multiple motions for

6

an extension.

7

**III**

8

**DISCUSSION**

9

A.    Motions for Extension

10

Plaintiff filed this medical malpractice action in August 2021, over three and a half

11

years ago. Dkt. # 1. The procedural details are reflected in the record. *See generally* Dkt.

12

Apparently, Plaintiff did not timely disclose any expert witness or expert opinion to support

13

any of her claims. *See* Dkt. # 144. On February 3, 2025, Defendants moved for summary

14

judgment. Dkt. # 144. They noted the motion for March 7, *id.*, making Plaintiff's response

15

due February 24, LCR 7(d)(4). That day, Plaintiff filed a motion for an extension, asking to

16

respond by March 10. Dkt. # 148. The Court granted the motion, giving Plaintiff an extra 14

17

days, and stated, "**The Court is not inclined to grant Plaintiff any further extensions.**"[1]

18

Dkt. # 149 (emphasis in original). And the Court re-noted the summary judgment motion for

19

March 14.

20

On March 6, Plaintiff filed her "second" motion for an extension, asking to respond by

21

March 17. Dkt. # 150. In the motion, she claimed that her "working capacity" was "low"

22

23

[1] The Court also struck as moot Plaintiff's earlier motion for an extension (Dkt. # 145). Dkt. # 149.

24

ORDER
Page 3
2:21-CV-01176-JHC

25

1    because of pain that she was experiencing from stent implants.  Plaintiff does not establish

2    good cause for the extension.  *See* Fed. R. Civ. P. 6(b)(1)(A).

3         First, the only documentation she submitted was a medical record from 2019 and an x-

4    ray image.  She did not submit with her motion any medical record to corroborate her claim of

5    inability to work on her brief—much less submit a statement from a health care professional

6    attesting to the same.  Her reply includes a letter from a nurse practitioner, saying that she

7    tested positive for strep, but it is dated March 20, and is not probative with respect to her

8    ability to meet the March 10 deadline.  Dkt. # 155-1

9         And second, after Defendants moved for summary judgment, Plaintiff filed eight

10   briefs.  Dkt. ## 145, 147, 148, 150, 154, 155, 157, and 158.  These amount to 35 pages of

11   briefing.[2]  And, as discussed below, some of the briefing includes arguments responsive to the

12   summary judgment motion.  This undermines Plaintiff's credibility with respect to her stated

13   need for an extension.[3]

14

15

16   _____

17        [2] In this time frame, Plaintiff also submitted various materials that are not briefs, including
     many exhibits, proposed orders, a notice to the Court, and emails to the Court.

18        [3] Plaintiff emphasizes that she is self-represented.  The Court has recognized this throughout
     this litigation, and it has played a role in the Court's accommodations of Plaintiff.  *See, e.g.*, Dkt. # 22
19   (granting Plaintiff's "emergency" motion for extension of deadline to respond to motion to dismiss);
     Dkt. # 71 (granting Plaintiff's motion for extension to serve objections to discovery of seek protective
20   order); Dkt. # 83 (granting Plaintiff's motion to continue trial); Dkt. # 120 (granting Plaintiff's motion
     to extend deadline); Dkt. # 139 (granting Plaintiff's motion for extension of time to respond to motion
21   for extension on discovery); and Dkt. # 149 (granting Plaintiff's motion for extension of deadline to
     respond the summary judgment motion).  On this note, however, it bears mentioning that Plaintiff has
22   displayed some facility with legal concepts in her filings.  And she is no stranger to federal litigation.
     Apparently, within the past few years, she has litigated pro se before the Northern District of Illinois
23   and the Seventh Circuit. *See Kriley v. Nw. Mem'l Healthcare*, No. 22-1606, 2023 WL 371643 (7th Cir.
     Jan. 24, 2023) (in a medical malpractice case, addressing Ms. Kriley's arguments about subject matter
     jurisdiction).

24   ORDER
     Page 4
25   2:21-CV-01176-JHC

Balanced against this lack of good cause is the fact that this litigation has been pending for over three and a half years. Defendants are entitled to a resolution, and the matter has been consuming judicial resources that could have been spent on other matters. There is also an underlying futility that cannot be ignored. At heart, this is a medical malpractice case. But Plaintiff failed to timely disclose any expert witness or expert opinion to support any of her claims. *See* Dkt. # 144. An extra extension cannot cure this problem. Given the foregoing, the Court denies the "second" motion for an extension.

Before the Court ruled on the "second" motion for an extension, on March 14, Plaintiff filed a "third" motion for an extension, claiming an issue with a tooth fracture on March 9, and asking to respond to the summary judgment motion for March 30. Dkt. # 154. Notably, the motion includes some photos and x-rays of teeth, but it includes no statement from a medical professional about Plaintiff's tooth fracture. And it includes some arguments in opposition to the motion for summary judgment. Dkt. # 154 at 4. And though Plaintiff claimed that the fracture occurred on March 9, she did not file her motion until after the March 10 deadline. *See* Fed. R. Civ. P. 6(b)(1) and LCR 7(j). For these reasons, as well as the reasons for denying the "second" motion for an extension, the Court denies the "third" motion for an extension.

Before the Court ruled on the "second" and "third" motions for extensions, on March 28, Plaintiff filed her "fourth" motion for an extension, asking to respond to the summary judgment motion for April 16. Dkt. # 157. For the reasons discussed above, the Court denies the "fourth" motion for an extension.

1    B.    Summary Judgment

2          Defendants have moved for summary judgment, and they seek dismissal of the entire

3    case.  Dkt. # 144.  Plaintiff has not filed a timely response to the motion.

4          Summary judgment is warranted if the evidence, viewed in the light most favorable to

5    the non-moving party, shows "that there is no genuine dispute as to any material fact and the

6    movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v.*

7    *Catrett*, 477 U.S. 317, 322 (1986).  A fact is "material" if it might affect the outcome of the

8    case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is

9    "'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-

10   moving party."  *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing

11   *Anderson*, 477 U.S. at 248–49).

12         The moving party bears the initial burden of showing there is no genuine dispute of

13   material fact and that it is entitled to prevail as a matter of law.  *Celotex*, 477 U.S. at 323.  To

14   carry its burden, "the moving party must either produce evidence negating an essential

15   element of the nonmoving party's claim or defense or show that the nonmoving party does not

16   have enough evidence of an essential element to carry its ultimate burden of persuasion at

17   trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If

18   the moving party meets its burden of production, the burden shifts to the nonmoving party to

19   identify specific facts from which a factfinder could reasonably find in the nonmoving party's

20   favor.  *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250.  "The summary judgment rules

21   apply with equal force to *pro se* litigants because they 'must follow the same rules of

22   procedure that govern other litigants.'"  *Schwartz v. World Sav. Bank*, No. C11-0631JLR,

23

24   ORDER
     Page 6
25   2:21-CV-01176-JHC

1    2012 WL 993295, at *3 (W.D. Wash. Mar. 23, 2012) (quoting *King v. Atiyeh,* 814 F.2d 565,

2    567 (9th Cir.1995)).

3         Here, for a number of reasons, after reviewing the briefing and reviewing the record in

4    this matter, the Court concludes that the summary judgment motion has merit.

5         First, Plaintiff's claims for gross negligence, fraudulent misrepresentation, fraudulent

6    concealment, undue influence, negligent misrepresentation, and negligent concealment, are

7    barred by the exclusive remedy provisions of RCW Chapter 7.70.  *See Branom v. State*, 94

8    Wn. App. 964, 969 (1999) ("[W]henever an injury occurs as a result of health care, the action

9    for damages for that injury is governed exclusively by RCW 7.70."); *see also M.N. v.*

10   *MultiCare Health Sys., Inc.*, 2 Wn.3d 655, 662 (2024) ("'[H]ealth care' under RCW 7.70 is

11   the process by which any health care provider uses the skills they have been taught to

12   examine, diagnose, treat, or care for the plaintiff as their patient.").

13        Second, Plaintiff lacks standing to bring a wrongful death action.  *See Beal for*

14   *Martinez v. City of Seattle*, 134 Wn.2d 769, 776 (1998) (wrongful death action must be

15   brought by the personal representative of the decedent's estate and cannot be maintained by

16   survivors).

17        Third, Plaintiff's negligence claim—at to both liability and causation—fails because it

18   is unsupported by expert opinion.  *See Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216,

19   226-27 (1989); *see also Hunt v. Medtronic USA, Inc.*, No. CV21-5854, 2025 WL 358994, at

20   *6 (W.D. Wash. Jan. 31, 2025) ("For medical causation in particular, experts are necessary

21   'where the nature of the injury involves obscure medical facts which are beyond an ordinary

22   lay person's knowledge.'") (quoting *Erickson v. Pharmacia LLC*, 31 Wn. App. 2d 100, 166

23   (2024) (internal quotation omitted)).  Plaintiff's claims for lack of informed consent and lack

24   ORDER
     Page 7
     2:21-CV-01176-JHC

25

of consent fail for the same reason.  *See Smith v. Shannon*, 100 Wn.2d 26, 34 (1983).  So too does the claim for loss of chance.  *See Christian v. Tomeh*, 191 Wn. App 709, 731 (2015).

Fourth, Defendants have provided what they claim to be Plaintiff's signed consent forms in connection with the medical procedures at issue.  Dkt. # 144-2 and 144-3.  Plaintiff has submitted no evidence to challenge these documents, and thus her claim for medical battery fails.  *Lewis v. Dow Chem. Corp.*, No. 16-CV-06165-YGR, 2018 WL 2267606, at *9 (N.D. Cal. May 17, 2018) ("At the summary judgment stage, it is [the] plaintiff's burden to raise triable issues").

Fifth, and finally, Plaintiff has submitted no evidence—including any expert opinion as to liability or causation—to support any of her claims.  This supports dismissal of this matter.

## IV

### CONCLUSION

For all these reasons, the Court DENIES Plaintiff's motions for extensions (Dkts. ## 150, 154, 157), GRANTS Defendants' Motion for Summary Judgment, Dkt. # 144, and DISMISSES this matter with prejudice.

DATED this 1st day of April, 2025.

John H. Chun
United States District Judge

ORDER
Page 8
2:21-CV-01176-JHC